[639 NYS2d 733]

In the Matter of JOSEPH AMARU, an Attorney, Resignor.

Second Department, March 11, 1996

## APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Diana Maxfield Kearse* of counsel), for Grievance Committee for the Second and Eleventh Judicial Districts.

*Joseph Amaru,* Long Island City, resignor *pro se.*

## OPINION OF THE COURT

Per Curiam.

Joseph Amaru has submitted an affidavit, dated December 7, 1995, wherein he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9). Mr. Amaru was admitted to the practice of law by the Appellate Division of the Supreme Court, Second Judicial Department, on June 25, 1952.

Mr. Amaru acknowledges that he is the subject of an investigation by the Grievance Committee for the Second and Eleventh Judicial Districts concerning a complaint setting

forth charges of professional misconduct against him involving his conduct as executor of an estate. Mr. Amaru acknowledges his inability to successfully defend himself against the charges of the complaint.

Mr. Amaru's proffered resignation expressly indicates his awareness that pursuant to Judiciary Law § 90 (6-a), an order permitting him to resign could require him to make monetary restitution to any person whose money or property was misappropriated or misapplied and to reimburse the Lawyers' Fund for Client Protection for same. He acknowledges the continuing jurisdiction of this Court to make such an order. Mr. Amaru is further aware than any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him. He specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

Mr. Amaru avers that his resignation is freely and voluntarily tendered, that he is not being subjected to coercion or duress by anyone, and that he is fully aware of the implications of submitting his resignation.

Grievance Counsel recommends that the Court accept the proffered resignation. Under the circumstances, the resignation of Joseph Amaru as a member of the Bar is accepted and directed to be filed. Accordingly, Joseph Amaru is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., BRACKEN, BALLETTA, ROSENBLATT and MILLER, JJ., concur.

Ordered that the resignation of Joseph Amaru is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Joseph Amaru is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Joseph Amaru shall promptly comply with this Court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Joseph Amaru is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any

advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (a) and (b), Joseph Amaru is directed to make restitution in the amount set forth to the following party whose money or property was willfully misappropriated or misapplied, less the amount of any awards to that entity by the Lawyers' Fund for Client Protection arising out of the misappropriation or misapplication: The American Cancer Society $52,601.87; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (a), the respondent shall reimburse the Lawyers' Fund for Client Protection of the State of New York for any awards made to the persons whose money or property was willfully misappropriated or misapplied by him; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (d), this order may be entered as a civil judgment and such judgment shall be enforceable as a money judgment in any court of competent jurisdiction by any person or entity to whom payments are due hereunder in the amount set forth herein less any amount reimbursed by the Lawyers' Fund for Client Protection, or by the Lawyers' Fund for Client Protection where it has been subrogated to the rights of such person or entity.